## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| F-Squared Investment Management, LLC, *et al.*, | Case No. 15-11469 (LSS) |
| Debtors. | |
| Craig Jalbert, in his Capacity as Trustee for F2 Liquidating Trust, | Adv. Pro. No. 17-50710 (LSS) |
| Plaintiff, | |
| v. | |
| Rooker Price, | |
| Defendant. | |
| Craig Jalbert, in his Capacity as Trustee for F2 Liquidating Trust, | Adv. Pro. No. 17-50727 (LSS) |
| Plaintiff, | |
| v. | |
| Adam Graves, | |
| Defendant. | |
| Craig Jalbert, in his Capacity as Trustee for F2 Liquidating Trust, | Adv. Pro. No. 17-50737 (LSS) |
| Plaintiff, | |
| v. | |
| Brian Doherty, | |
| Defendant. | |

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

   v.

John Greg Whitaker,

        Defendant.

Adv. Pro. No. 17-50771 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

   v.

Kate Kinlin,

        Defendant.

Adv. Pro. No. 17-50781 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

   v.

Lisa Quinn,

        Defendant.

Adv. Pro. No. 17-50796 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Mark Ramunno,

        Defendant.

Adv. Pro. No. 17-50801 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Michael Fardy,

        Defendant.

Adv. Pro. No. 17-50810 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Nicole Miller,

        Defendant.

Adv. Pro. No. 17-50814 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Stephen Degnan,

        Defendant.

Adv. Pro. No. 17-50830 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Walter Hartford,

        Defendant.

Adv. Pro. No. 17-50836 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

William McNamara,

        Defendant.

Adv. Pro. No. 17-50838 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

       Plaintiff,

   v.

Zachary Zeltsan,

       Defendant.

Adv. Pro. No. 17-50840 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

       Plaintiff,

   v.

Shannon Price,

       Defendant.

Adv. Pro. No. 17-50867 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

       Plaintiff,

   v.

Robert Gottlieb,

       Defendant.

Adv. Pro. No. 17-50862 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Evgeny Burnaev,

        Defendant.

Adv. Pro. No. 17-50667 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

William Monahan,

        Defendant.

Adv. Pro. No. 17-50839 (LSS)

---

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

        Plaintiff,

    v.

Alexey Panchekha,

        Defendant.

Adv. Pro. No. 17-50730 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

      Plaintiff,

   v.

Svitlana Senenko,

      Defendant.

Adv. Pro. No. 17-50845 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

      Plaintiff,

   v.

Emily Meyer,

      Defendant.

Adv. Pro. No. 17-50757 (LSS)

Craig Jalbert, in his Capacity as Trustee
for F2 Liquidating Trust,

      Plaintiff,

   v.

Elena Zarubina,

      Defendant.

Adv. Pro. No. 17-50698 (LSS)

## MEMORANDUM

In each of the captioned adversary proceedings in the F-Squared Investment Management, LLC bankruptcy cases, the respective Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (4) and (5), made applicable by Federal Rule of Bankruptcy Procedure 7012, for lack of personal jurisdiction, insufficient process and insufficient service of process (collectively, Motions to Dismiss). Distilled to its essence, Defendants argue that the summonses in these cases were not "issued" as required

under Federal Rule of Civil Procedure 4, and service of process was thus defective, resulting

in this Court lacking personal jurisdiction over each Defendant.

Plaintiff, Craig Jalbert, in his capacity as Trustee for F2 Liquidating Trust, opposed

the relief. Briefing is complete and oral argument was held on June 18, 2018. Having

considered the various arguments made in the briefing and at oral argument, I will deny

Defendants' Motions to Dismiss.

## Relevant Rules

The Federal Rules of Civil Procedure (Civil Rules), Federal Rules of Bankruptcy

Procedure (Bankruptcy Rules) and the Local Rules of Bankruptcy Practice and Procedure of

the United States Bankruptcy Court for the District of Delaware (Local Rules) each inform

the outcome.

Civil Rule 4(b) is made applicable in adversary proceedings by Bankruptcy Rule 7004

"except as provided in Rule 7004(a)(2)." Civil Rule 4(b) provides:

> On or after filing the complaint, the plaintiff may present a summons to the
> clerk for signature and seal. If the summons is properly completed, the clerk
> must sign, seal, *and issue* it to the plaintiff for service on the defendant. A
> summons — or a copy of a summons that is addressed to multiple defendants
> — must be issued for each defendant to be served.[1]

Civil Rule 4 contemplates that a plaintiff physically tenders a summons to the clerk of the

court, who then signs it, seals it, and issues it to the plaintiff for service.

On the other hand, Bankruptcy Rule 7004(a)(2) contemplates an additional issuance

method: the electronic issuance of a summons. It provides:

> The clerk may sign, seal, and *issue a summons electronically* by putting an "s/"
> before the clerk's name and including the court's seal on the summons.[2]

---

[1] Emphasis added.
[2] Emphasis added.

Bankruptcy Rule 7004 was part of the BAPCPA amendments and "supplements" Civil

Rule 4 by "expressly providing for signing, sealing and issuance of a summons

electronically."[3] The Committee Notes to the 2005 amendment of Bankruptcy Rule 7004

explain the reason for the adoption of this rule:

> This amendment specifically authorizes the clerk to issue a summons
> electronically. In some bankruptcy cases the trustee or debtor in possession
> may commence hundreds of adversary proceedings simultaneously, and
> permitting the electronic signing and sealing of summonses for those
> proceedings increases the efficiency of the clerk's office without any negative
> impact on any party. The rule only authorizes electronic issuance of the
> summons. It does not address the service requirements for the summons.
> Those requirements are set out elsewhere in Rule 7004, and nothing in Rule
> 7004(a)(2) should be construed as authorizing electronic service of a
> summons.

> Finally, Local Rule 7004-2 implements Bankruptcy Rule 7004(a)(2) in this district. It

provides:

> A party or attorney filing a complaint or third-party complaint shall prepare a
> Summons and Notice of Pretrial Conference in an Adversary Proceeding
> (Local Form 108). The pretrial conference date shall be a date that is at least
> thirty-five (35) days and not more than ninety (90) days from the date of
> service of the summons and complaint and set in accordance with Local Rule
> 7004-2(a) and (b) below. The completed summons and certificate of service
> shall be filed in the adversary proceeding. The party or attorney filing the
> complaint or third-party complaint shall be responsible for serving the
> summons and complaint.

As recognized by the parties, Local Rule 7004-2 contemplates that a plaintiff or attorney,

not the clerk of the court, will prepare the summons by using Local Form 108. As

authorized by Bankruptcy Rule 7004(a)(2), the plaintiff or attorney electronically downloads

---

[3] COLLIER ON BANKRUPTCY ¶ 7007.02[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

or fills in an editable form of summons that contains the clerk's signature and seal. The clerk is not physically involved in the process.

The process defect identified by Defendants in the Motions to Dismiss is this: the complaints were filed with the court in early July 2017, and the summonses did not appear on the respective dockets until late September 2017, when they were filed as one document with a Certificate of Service.[4] Defendants urge that "to issue" a summons means to receive it from the Clerk and *promptly file it on the docket*. As Plaintiffs did not "promptly" place the summons on the dockets in these cases, Defendants argue that the summonses were invalid (or without legal force) when placed in the mail, so that service of process was defective.[5]

---

[4] It is undisputed that the complaints in these adversary proceedings were filed between June 30, 2017 and July 7, 2017, and that Plaintiff's attorneys (w) prepared a summons in each case on August 11, 2017, (x) served each summons by first class mail on August 11, 2017, and (y) signed a Certificate of Service for each summons on August 21, 2017, but (z) did not file the Certificate of Service on the docket until September 27, 2017.

[5] The following exchange took place at the hearing:

> MS. KLEIN: Now we seem to have disagreement that, to protect the integrity of the service -- and this goes to the gist of the motion to dismiss -- a summons, under Rule 4, has to be, one, signed, it has to be sealed, and it has to be issued. That means it has to be signed by the Clerk of Court, it has to bear the seal of the Court that it's issued from, and it has to be entered on the record of the Court. That means it has to be docketed.
>
> THE COURT: Where does it say that in the rule? This is -- what I tried to do was match up your complaint to Rule 4.
>
> MS. KLEIN: Uh-huh.
>
> THE COURT: And where does it say that the summons has to be on the -- entered on the docket of the clerk.
>
> MS. KLEIN: It says it has to be issued.
>
> THE COURT: Uh-huh.
>
> MS. KLEIN: The way I interpret it, it has to be docketed. And the reason -- and I'm going to get to why I think that's my interpretation.

Hr'g Tr. 62:2–20, June 18, 2018, Main Case D.I. 1145. *See also id.* at 69:18–20 (MS. KLEIN: "I think the "issuance" is the docketing of the summons with the Court, such that the Court is aware of it."); *id.* at 81:3–14 (Defendants arguing that summons must be on the docket before it is served for summons to have legal force and effect); *id* at 82:17–21 (MS KLEIN: "You can prepare a summons by affixing a seal and affixing somebody's signature, but then, again, for me, the issuance is an affirmative, putting that summons into the record of the court so the Court is aware of existence of that summons").

**Discussion**

The term "issue" is not defined in the Civil Rules, the Bankruptcy Rules or the Local Rules.[6] When terms used in a rule of procedure are undefined, courts give them their ordinary meaning.[7] The verb "issue" means to go out or come out or flow out.[8] Substituting the definition for the term, Civil Rule 4 reads: "If the summons is properly completed, the clerk must sign, seal, and give it out to the plaintiff for service on the defendant." This reading makes sense and tends to support the flow of the sentence—the clerk signs the summons, seals it, and hands it over to the plaintiff.

Defendants argue, however, that issuance is not complete when the clerk hands the summons to the plaintiff or attorney for service, or when the attorney electronically downloads the summons using Local Form 108, which contains the clerk's signature and the seal of the court. Rather, Defendants assert that the summons must be placed on the docket for it to issue.

---

Plaintiff argued that the Bankruptcy Court process of service is so divorced from its roots that Rule 4 is inapplicable and the clerk of this court does not even "issue" process because it has no hand in the process. Hr'g Tr. 108:5–12. I reject both of these positions out-of-hand.

[6] Defendants' counsel also stated that she was unable to find a case on what issuance means. Hr'g Tr. 65:11–14.

[7] *Delgado v. Pawtucket Police Dept.*, 668 F.3d 42, 49 (1st Cir. 2012) ("In interpreting a formal rule of procedure, our starting point is the language of the rule itself. We interpret this language with due regard to its ordinary meaning and the context in which it is found.") (citations omitted); *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017(6th Cir. 2005) ("courts must begin their interpretation of the Federal Rules, as with other laws, 'with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.") (citing *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194, (1985)); *Signalquest, Inc., v. Tien-Ming Chou*, 284 F.R.D. 45, 48 (D. N.H. 2012) (citing to dictionaries to interpret Rule 4).

[8] Issue, Webster's Third New International Dictionary (1971); see also issue, Black's Law Dictionary (10th ed. 2014) ("1. To accrue <rents issuing from land> 2. To be put forth officially <without probable cause, the search warrant will not issue> 3. To send out or distribute officially <issue process> <issue stock>."). The verb has other connotations not applicable here.

5

If handing the summons over to a plaintiff, either physically or electronically, includes a requirement that the summons be filed, the drafters could have written that requirement into the rule. They did not. The word "file" appears seven times elsewhere in Civil Rule 4 in various verb tenses, showing that the concept was near at hand to the drafters,[9] but it does not appear in subsection (b). The plain language of Civil Rule 4 thus suggests that issuing a summons does not include the act of filing it.[10]

Similarly, Bankruptcy Rule 7004(a)(2) contains no filing requirement. While it contemplates electronic issuance of a summons, the language envisions that issuing a summons means making it available to a plaintiff "by putting an 's/' before the clerk's name and including the court's seal on the summons." As reflected in the Committee Notes, Bankruptcy Rule 7004(a)(2) was designed to ease the burden on the clerk's office when issuing summonses, permitting the clerk to issue summonses electronically rather than physically. Bankruptcy Rule 7004 does not contain a filing requirement—for the clerk or for the plaintiff—in order for a summons to issue or be effective.

Unlike its federal counterparts, Local Rule 7004-2 does contemplate the filing of a summons, but there is no suggestion that this is part of the issuance process or necessary for issuance of the summons to be complete. Local Rule 7004-2 requires that "the completed summons and certificate of service" shall be filed. There is no timeframe specified. This requirement appears to mirror Civil Rule 4(l), which is incorporated into the Bankruptcy

---

[9] Civil Rule 4(d)(1)(B); Civil Rule 4(d)(4); Civil Rule 4(e); Civil Rule 4(f); Civil Rule 4(h); Civil Rule 4(i)(1)(A)(i); Civil Rule 4(m).
[10] *See e.g. Loughrin v. United States*, 134 S. Ct. 2384, 2390 (2014) ("When 'Congress includes particular language in one section of a statute but omits it in another'—let alone in the very next provision—[courts must] 'presume' that Congress intended a difference in meaning.") (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)).

Rules and requires that proof of service be made to the court. Local Rule 7004-2 does not link the issuance, or validity, of a summons to whether the summons is filed on the docket.[11]

Defendants urge two reasons for the correctness of their position: (i) that the filing of the summons on the docket is needed to protect defendants against untoward attorney practice and/or to permit a case to be properly monitored; and (ii) that this is the practice in other courts.[12] Neither reason convinces me that the issuance of a summons must include filing the summons on the docket.

First, Defendants posit that if the issuance of the summons is not reflected on the docket, there is "the chance of abuse of process" (e.g. a plaintiff could assert that a summons was issued on an earlier date than it was, presumably mandating an earlier response to the complaint than otherwise necessary). Further, failing to file the summons promptly makes it more difficult for defense counsel to monitor the docket and advise their clients on relevant deadlines. Failing to file the summons promptly could also give defendants and their counsel the false impression that a summons had not yet issued.

Defendants' concern about attorney fidelity (which was asserted hypothetically) cannot be solved by requiring that the summons be placed on the docket. If an officer of the court, or a plaintiff, decides to to mis-date or otherwise seek to mislead the court, it is doubtful that a filing requirement will stop them. And there are appropriate methods to address such abuses and to protect defendants if such abuses occur. But, Defendants' second concern—essentially one of transparency—is not without merit. Under the Civil

---

[11] Under Civil Rule 4(l), failure to prove service by the filing of an affidavit does not affect the validity of service of process. Civil Rule 4(l) is incorporated by reference in Bankruptcy Rule 7004.
[12] Ms. Klein and I had a lengthy discussion on the record at the hearing about how plaintiffs obtain summonses from the United States Court for the District of Delaware and Delaware state courts.

Rules a defendant's outside response date is measured from the *date of service* of the summons (21 days after being served with the summons and complaint),[13] but under the Bankruptcy Rules a defendant's outside response date is measured from the *date of issuance* of the summons (30 days after the issuance of the summons).[14] Thus, the date of issuance of a summons has legal significance.

Nonetheless, in adversary proceedings, the date of service of the summons has as much if not more legal significance than the date of issuance. Service of the complaint and summons triggers the duty to file an answer. Bankruptcy Rule 7012(a) requires a defendant to serve an answer only if the complaint is first *duly served*.[15] Per Bankruptcy Rule 7004(e), the summons must be served within seven days after the summons is issued or the plaintiff must obtain another summons.[16] If a plaintiff does not serve a defendant within seven days of issuance of the summons, or at all, the defendant need not file an answer. Thus, for monitoring purposes, it would be more important for the certificate/affidavit of service to be promptly filed than it would be for the summons to be promptly filed. Yet neither the Civil Rules, the Bankruptcy Rules nor the Local Rules set a deadline for filing proof of service.[17] I

---

[13] Civil Rule 12(a).

[14] Bankruptcy Rule 7012(a).

[15] Bankruptcy Rule 7012(a) ("If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.").

[16] There is an exception in Bankruptcy Rule 7004(e) for service in a foreign country. The Civil Rules do not contain a comparable seven-day service requirement. Another time limitation on service is Civil Rule 4(m)'s requirement that service of a summons is made no later than 90 days after the complaint is filed unless the court, for good cause, extends the deadline.

[17] Civil Rule 4(l) merely provides that "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."

cannot conclude based on these reasons that the issuance of a summons includes the requirement to file it on the docket.

Second, Defendants argue that it is the practice in other courts for the clerk to place the summons on the docket when it is issued, or at least to place a notation on the docket when it is issued.[18] It was represented to me at the hearing that the United States District Court for the District of Delaware follows this practice.[19] This practice appears to serve two purposes: it acts as a record for the clerk's office of the date of the issuance of the summons and it informs plaintiff's counsel that the issued summons is available to pick up for service. The first purpose is salutary and also has the effect Defendants seek while the second purpose is purely utilitarian.

In fact, a comparison between the practices in District Court and Bankruptcy Court actually highlights the flaw in Defendants' argument. As Defendants' counsel related at the hearing, her clients were former employees of the Debtors who first learned of the complaints filed against them, not by service of process, but by monitoring the bankruptcy court docket.[20] When an adversary proceeding is filed, it also appears on the docket of the main bankruptcy case. Consequently, any party actively monitoring the main bankruptcy case docket knows the moment an adversary proceeding has been filed; any defendant monitoring the docket knows he has been sued before being served with the summons and complaint. Traditional civil litigation does not work in this fashion. Potential defendants

---

[18] Defendants' argument toggled between placing the summons on the docket and placing a notation on the docket. *Compare* Hr'g Tr. 62:9 *with* Hr'g Tr. 65:1–8, 115:14–116:1.

[19] *Id.*

[20] Hr'g Tr. 58:21–25 ("Ms Klein: And by the way, Your Honor may know this, but when you file an adversary, you file it—file it in the main docket first, so it all appears in the main bankruptcy cases; that's why my clients were able to see these."). It is not unusual for former employees or shareholders to monitor the main docket of a bankruptcy case or even to maintain and participate in online forums to discuss the case.

9

do not typically monitor civil court dockets to see if they have been sued. It is service of the complaint, not the filing of the complaint or the issuance of the summons, which triggers a defendant's obligation to respond to the lawsuit—and thus also triggers the need to monitor the docket. Recognizing this reality, I am not persuaded by Defendants' position that the issuance of a summons includes a requirement that it be filed on the docket in order to be effective.

## Conclusion

While it might be a best practice for the clerk or the plaintiff's attorney to notate the issuance of a summons on the docket, there is no such requirement in the Civil Rules, the Bankruptcy Rules or the Local Rules.[21] Accordingly, I conclude that Defendants' interpretation of the rule is incorrect and the issuance of the summonses in each of the captioned adversary proceedings was effective. As the remaining arguments in the Motions to Dismiss all key off the opposite conclusion, they need not be addressed. The Motions to Dismiss are denied. Separate orders will be entered in each case.

Dated: August 8, 2018

Laurie Selber Silverstein
United States Bankruptcy Judge

---

21 If, upon consideration, the Court or clerk determines that such a best practice is advisable an appropriate local rule can be adopted. If, on the other hand, the Court and the clerk are content with the current state of affairs, no new rule is necessary.